\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN RASHAWN WRIGHT | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv26 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kevin Rashawn Wright, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

Petitioner is challenging a 2007 conviction for murder. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed without prejudice as successive.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion the objections are without merit. Petitioner objects to the Magistrate Judge considering his petition as being filed pursuant to 28 U.S.C. § 2254 rather than pursuant to 28 U.S.C. § 2241, as he labeled it. However, as petitioner is incarcerated pursuant to a state court judgment, he must seek relief under Section 2254, which "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). As a result, the Magistrate Judge correctly concluded this filing should be treated as a petition brought pursuant to Section 2254.

**\*\*NOT FOR PRINTED PUBLICATION\*\***

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

Further, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard that must be met in order to receive a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, petitioner is not requited to demonstrate that he would prevail on the merits. Rather, he need only demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of petitioner, and the severity of the penalty imposed may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the question of whether this petition is successive is subject to debate among jurists of reason. The factual and legal questions raised have been consistently resolved adversely to petitioner's position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**

Nov 6, 2020

Ron Clark
Senior Judge